**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

MARTHA RAMSEY, on behalf of CHRISTOPHER BRITTIAN, Plaintiff

v. 2:08CV00090 SWW/HLJ

MICHAEL J. ASTRUE, Commissioner, Social Security Administration, Defendant

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Susan Webber Wright. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**MEMORANDUM AND ORDER**

Plaintiff, Martha Ramsey, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Supplemental Security Income (SSI) on behalf of her minor son, Christopher Brittian (Claimant).[1] Both parties have filed appeal

[1]Although both briefs refer to Christopher as "Plaintiff," it is clear to whom they refer.

briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Moore ex rel. Moore v. Barnhart, 413 F.3d 718, 721 (8th Cir. 2005); see Young ex rel. Trice v. Shalala, 52 F.3d 200, 201-02 (8th Cir. 1995)(substantial evidence review in child benefits case). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Moore ex rel. Moore v. Barnhart, 413 F.3d at 721.

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

The Commissioner found Claimant not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Claimant was not disabled within the meaning of the Act is supported by substantial evidence.

> An individual under the age of 18 shall be considered disabled for the purposes of this title if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 1382c(a)(3)(C)(i) (1996).

After conducting an administrative hearing at which Plaintiff testified, the Administrative Law Judge[2] (ALJ) concluded that Claimant had not been under a disability within the meaning of the Social Security Act at any time through August 30, 2007, the date of his decision. (Tr. 22) On April 9, 2008, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, thereby making it the final decision of the Commissioner. (Tr. 5-7)

Plaintiff then filed her complaint initiating this appeal. (Docket #2) After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

At the time of the administrative hearing, Claimant was nine years old, and a student in the fourth grade. (Tr. 147) In determining whether an SSI claimant under the age of 18 is under a disability, a three-step sequential evaluation process is used which is comparable to the five-step sequential evaluation process utilized for adults. 20 C.F.R. § 416.924(a) (2007).

The first step is a determination whether the child is engaged in substantial gainful activity. Id., § 416.924(b). If so, benefits are denied; if not, the evaluation continues to the next step.

The second step involves a determination whether the impairment or combination of impairments is severe, i.e., more than a slight abnormality that causes no more than minimal functional limitations. Id., § 416.924(c). If not, benefits are denied; if so, the

[2] The Hon. Everet Dail Stiles.

evaluation continues.

The third step involves a determination whether the child has impairment(s) that meet, medically equal or functionally equal in severity a Listed impairment. Id., § 416.924(d). If so, and if the duration requirement is met, benefits are awarded; if not, benefits are denied.

The ALJ found that Claimant had never engaged in substantial gainful activity. (Tr. 17) He determined that he did have "severe" impairments, attention deficit hyperactivity disorder, enuresis, a hearing loss and asthma, but that he did not have any impairment or combination of impairments that met or medically equaled a Listing or that functionally equaled a Listed impairment. (Tr. 16) Consequently, he found that Claimant was not disabled. (Tr. 22)

Since Claimant had “severe" impairments, but they did not meet or medically equal a Listing, it was necessary for the ALJ to determine if the impairments functionally equaled a Listing. 20 C.F.R. § 416.926a(a) (2007).

The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (the Welfare Reform Act), P.L. 104-193, 110 Stat. 2105 (codified in scattered sections of 42 U.S.C.), required implementing regulations. One significant change that the final regulations made from the interim final regulations is the manner of determining functional equivalence. There is now a single method of evaluating functional equivalence based only on domains of functioning. Under this regulation, an impairment is functionally equivalent to a Listing when the impairment results in "marked" limitations in two

domains of functioning or an "extreme" limitation in one domain of functioning. Id.

A "marked" limitation in a domain seriously interferes with a child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2) (2007). It also means a limitation that is "more than moderate" but "less than extreme." Id. It is the equivalent of functioning expected on standardized testing with scores that are at least two, but less than three, standard deviations below the mean. Id.

An "extreme" limitation in a domain very seriously interferes with a child's ability to independently initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3) (2007). "Extreme" limitation also means a limitation that is "more than marked." Id. It is the rating given to the worst limitations. Id. It is the equivalent of functioning expected on standardized testing with scores that are at least three standard deviations below the mean. Id.

The domains of functioning are:

1) Acquiring and using information;

2) Attending and completing tasks;

3) Interacting and relating with others;

4) Moving about and manipulating objects;

5) Caring for yourself; and

6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1)(i-vi) (2007).

These domains are described in greater detail, with examples, in the regulations. 20 C.F.R. § 416.926a(g)-(l) (2007). The ALJ found

Claimant had "less than marked" limitations in the domains of attending and completing tasks and health and physical well-being. (Tr. 19, 20) He found that Claimant had no limitations in the domains of acquiring and using information, interacting and relating with others, moving about and manipulating objects and caring for yourself. Id.

Plaintiff argues that Claimant had "marked" limitations in the domain of acquiring and using information. (Br. 5)

> (g) *Acquiring and using information.* In this domain, we consider how well you acquire or learn information, and how well you use the information you have learned.
>
> (1) *General.* (i) Learning and thinking begin at birth. You learn as you explore the world through sight, sound, taste, touch, and smell. As you play, you acquire concepts and learn that people, things, and activities have names. This lets you understand symbols, which prepares you to use language for learning. Using the concepts and symbols you have acquired through play and learning experiences, you should be able to learn to read, write, do arithmetic, and understand and use new information.
>
> (ii) Thinking is the application or use of information you have learned. It involves being able to perceive relationships, reason, and make logical choices. People think in different ways. When you think in pictures, you may solve a problem by watching and imitating what another person does. When you think in words, you may solve a problem by using language to talk your way through it. You must also be able to use language to think about the world and to understand others and express yourself; *e.g.*, to follow directions, ask for information, or explain something.
>
> (2) *Age group descriptors.*
>
> . . . .
>
> (iv) *School-age children (age 6 to attainment of age 12).* When you are old enough to go to elementary and middle school, you should be able to learn to read, write, and do math, and discuss history and science. You will need to use these skills in academic situations to demonstrate what you have learned; *e.g.*, by reading about various subjects and producing oral and written projects, solving mathematical problems, taking achievement tests, doing group work, and entering into class discussions. You will also need to use these skills in daily living situations at home and in the community (*e.g.*, reading street signs, telling time, and

> making change). You should be able to use increasingly complex language (vocabulary and grammar) to share information and ideas with individuals or groups, by asking questions and expressing your own ideas, and by understanding and responding to the opinions of others.
>
> . . . .
>
> (3) *Examples of limited functioning in acquiring and using information.* The following examples describe some limitations we may consider in this domain. Your limitations may be different from the ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example applies in your case may depend on your age and developmental stage; *e.g.*, an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.
>
> (i) You do not demonstrate understanding of words about space, size, or time; *e.g.*, in/under, big/little, morning/night.
>
> (ii) You cannot rhyme words or the sounds in words.
>
> (iii) You have difficulty recalling important things you learned[ ]in school yesterday.
>
> (iv) You have difficulty solving mathematics questions or computing arithmetic answers.
>
> (v) You talk only in short, simple sentences and have difficulty explaining what you mean.

20 C.F.R. § 416.926a (2007).

As the ALJ noted, Claimant made A's, B's and C's in regular classes. (Tr. 19) Cf. England v. Astrue, 490 F.3d 1017, 1022 (8th Cir. 2007) (fact that claimant "progressed through school while taking at least some general education classes" was support for ALJ's determination that he had "less than marked" limitation of functioning in the domain of acquiring and using information). In addition, Plaintiff indicated that his ability to communicate was not limited. (Tr. 87) Substantial evidence supports the ALJ's determination that Claimant had no limitation of functioning in the

domain of acquiring and using information.

Plaintiff contends that Claimant had "marked" limitations in the domain of attending and completing tasks. (Br. 5-8)

> (h) *Attending and completing tasks.* In this domain, we consider how well you are able to focus and maintain your attention, and how well you begin, carry through, and finish your activities, including the pace at which you perform activities and the ease with which you change them.
>
> (1) *General.* (i) Attention involves regulating your levels of alertness and initiating and maintaining concentration. It involves the ability to filter out distractions and to remain focused on an activity or task at a consistent level of performance. This means focusing long enough to initiate and complete an activity or task, and changing focus once it is completed. It also means that if you lose or change your focus in the middle of a task, you are able to return to the task without other people having to remind you frequently to finish it.
>
> (ii) Adequate attention is needed to maintain physical and mental effort and concentration on an activity or task. Adequate attention permits you to think and reflect before starting or deciding to stop an activity. In other words, you are able to look ahead and predict the possible outcomes of your actions before you act. Focusing your attention allows you to attempt tasks at an appropriate pace. It also helps you determine the time needed to finish a task within an appropriate time-frame.
>
> (2) *Age group descriptors.*
>
> . . . .
>
> (iv) *School-age children (age 6 to attainment of age 12).* When you are of school age, you should be able to focus your attention in a variety of situations in order to follow directions, remember and organize your school materials, and complete classroom and homework assignments. You should be able to concentrate on details and not make careless mistakes in your work (beyond what would be expected in other children your age who do not have impairments). You should be able to change your activities or routines without distracting yourself or others, and stay on task and in place when appropriate. You should be able to sustain your attention well enough to participate in group sports, read by yourself, and complete family chores. You should also be able to complete a transition task (*e.g.*, be ready for the school bus, change clothes after gym, change classrooms) without extra reminders and accommodation.
>
> . . . .
>
> (3) *Examples of limited functioning in attending and completing tasks.* The following examples describe some

> limitations we may consider in this domain. Your limitations may be different from the ones listed here. Also, the examples do not necessarily describe a "marked" or "extreme" limitation. Whether an example applies in your case may depend on your age and developmental stage; *e.g.*, an example below may describe a limitation in an older child, but not a limitation in a younger one. As in any case, your limitations must result from your medically determinable impairment(s). However, we will consider all of the relevant information in your case record when we decide whether your medically determinable impairment(s) results in a "marked" or "extreme" limitation in this domain.
>
> (i) You are easily startled, distracted, or overreactive to sounds, sights, movements, or touch.
>
> (ii) You are slow to focus on, or fail to complete activities of interest to you, *e.g.*, games or art projects.
>
> (iii) You repeatedly become sidetracked from your activities or you frequently interrupt others.
>
> (iv) You are easily frustrated and give up on tasks, including ones you are capable of completing.
>
> (v) You require extra supervision to keep you engaged in an activity.

20 C.F.R. § 416.926a(h) (2007).

The ALJ noted that Claimant's second grade teacher reported no significant problems with communication or concentration, persistence and pace. (Tr. 19) He also pointed out that Claimant had attention deficit hyperactivity disorder and Plaintiff indicated that he had to be reminded to complete chores at home. Id. Plaintiff also stated on a form that Claimant's ability to pay attention and stick with a task was not limited. (Tr. 92) The ALJ's determination that Claimant had "less than marked" limitations in the domain of attending and completing tasks was supported by substantial evidence.

Plaintiff contends that Claimant has some limitations in the remaining four domains of functioning, but she does not argue that any of the limitations rose to the level of "marked" or "extreme" limitations. Therefore, it is not necessary to discuss these

domains.

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 26th day of August, 2009.

Henry L. Jones, Jr.

UNITED STATES MAGISTRATE JUDGE